PeaesoN, J..
 

 One Deaver held a note on one Richardson for fifty dollars, with the plaintiff as surety.— Richai’dson gave the plaintiff a lien on a parcel of hogs to indemnify him. Afterwards Richardson sold the hogs to the defendant: but the plaintiff refused to let him have possession, until he would undertake to pay the debt. Accordingly the defendant agreed to pay it, and the plaintiff thereupon agreed that he might take the hogs. The defendant took the hogs, but neglected to pay the debt to Deaver, except $19, which was paid by Richardson. — . The plaintiff thereupon warranted the defendant, to recover the amount which he had paid Deaver. The defendant insisted, that a single justice of the peace had no jurisdiction. The judge in the Court below was of opinion, that the case was within the jurisdiction of a single justice of the peace, and so instructed the jury, who found
 
 *232
 
 a verdict for the plaintiff, and from the judgment the defendant appealed.
 

 We think the exception is well founded. The defendant had agreed, for a sufficient consideration, to pay the debt to Deaver. This was a collateral act, and the neglect to perform it gave the plaintiff a good cause of action. But it was not a “ debt or demand,” within the meaning of the Statute, conferring jurisdiction on a single justice of the peace. It was like a promise to go to Rome or to do any other act.
 

 The plaintiff resorted to the common counts in assump-sit to sustain his case ; but none of them will fit, supposing him to be at liberty to abandon the special contract. The count “ for money paid” cannot be sustained, because there was no privity of contract between the defendant and Deaver. If there had been a contract between them, by which the defendant assumed to pay to him the debt of the plaintiff, it was void by the statute of frauds. So the money was not paid for the defendant’s use.
 

 The count, “for goods sold and delivered,” does not apply, for the hogs were sold by Richardson, and the plaintiff merely gave up his lien, in consideration of the defendant’s undertaking to pay the debt to Deaver. The price, over and above this undertaking, was due to Richardson ; or, at most, it was a sale bj7 Richardson and the plaintiff, in which case the action for the price must be by the plaintiff and Richardson jointly, for, although, under the special contract, each had a separate cause of action, under the implied contract, for the value of the hogs, the action would be joint.
 

 The judgment must be reversed and a
 
 venire de nova
 
 awarded.
 

 Per Curiam. Judgment accordingly.